(82 Misc. Rep. 157.)

### REISTERER v. REISTERER et al.

(Supreme Court, Equity Term, Erie County.   September, 1913.)

1. SPECIFIC PERFORMANCE (§ 59*)—CONTRACTS ENFORCEABLE—PERFORMANCE BY PLAINTIFF.

Where, pending actions for the recovery of real estate, defendant placed in escrow with an attorney a deed with instructions to deliver to plaintiff when "lis pendens and civil actions are discontinued and agreement signed by both parties," plaintiff could not compel specific performance merely upon dismissal of the actions and cancellation of lis pendens, since he was not entitled to a conveyance until there was an "agreement signed by both parties."

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 181; Dec. Dig. § 59.*]

2. FRAUDS, STATUTE OF (§ 55*)—REAL PROPERTY AND ESTATES THEREIN.

It was for the purpose of accurately and definitely settling the terms and conditions of sales of real estate that the statute of frauds was originally enacted.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 82; Dec. Dig. § 55.*]

3. SPECIFIC PERFORMANCE (§ 94*)—PART PERFORMANCE BY PLAINTIFF.

Where, pending actions for the recovery of real property, defendant placed in escrow with an attorney a deed with instructions to deliver to plaintiff when "lis pendens and civil actions are discontinued and agreement signed by both parties," the dismissal by plaintiff of the actions and cancellation of lis pendens was not such a part performance as to entitle him to specific performance, since, there having been no change of ownership, he was not prejudiced, as the actions could be restored by vacating the order of discontinuance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 249–256; Dec. Dig. § 94.*]

Action for specific performance by Edward G. Reisterer against Lida L. Reisterer and another.   Dismissed.

Norman D. Fish, of No. Tonawanda, for plaintiff.
W. B. Simson, of No. Tonawanda, for defendants.

BROWN, J.   [1] On October 13, 1911, there were pending two actions wherein this plaintiff was plaintiff and the defendant Lida L. Reisterer was defendant, in which the plaintiff claimed an interest in certain real estate in the city of Tonawanda, the title to which was in the defendant Lida L. Reisterer; notice of the pendency of each of said actions had been filed and recorded in the office of the county clerk.   On that day the plaintiff and the defendant Lida L. Reisterer met at the law office of E. B. Harrington, where a paper of which the following is a copy was signed by them:

"Tonawanda, N. Y., Oct. 13, 1911.  E. B. Harrington—Dear Sir: The deed given by E. G. Reisterer to Lida L. Reisterer, and deed of Lida L. Reisterer to E. G. Reisterer are placed in escrow with you and are to be delivered when lis pendens and civil actions are discontinued and agreement signed by both parties.  E. G. Reisterer.  Lida L. Reisterer."

The deed from E. G. Reisterer to Lida L. Reisterer was signed by E. G. Reisterer but not acknowledged; the deed from Lida L. Reis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

terer to E. G. Reisterer was not signed by Lida L. Reisterer and was without any conditions therein. With these deeds in this condition they were delivered to E. B. Harrington, together with the paper above quoted. The defendant Lida L. Reisterer thereafter refused to execute the deed thus left with Mr. Harrington. The plaintiff caused the discontinuance of each of said actions and the lis pendens therein to be canceled of record November 25, 1911. On December 5, 1911, the plaintiff joined with the defendant Lida L. Reisterer in the execution of several mortgages upon a part of the real estate described in the unexecuted deed then in the hands of Mr. Harrington. On February 5, 1912, the plaintiff brought this action to compel the defendant to convey to the plaintiff an undivided half of a part of the premises described in the unexecuted deed of Lida L. Reisterer and to compel the defendant to assume and pay one-half of the plaintiff's debts, and for judgment decreeing that on the death of Lida L. Reisterer her undisposed of interest in certain of such real estate should go to the plaintiff in trust for the defendant Frances M. Reisterer, and that upon the death of Lida L. Reisterer the plaintiff should have the life use of certain other of such real estate.

Upon the trial the plaintiff claimed that the conditions sought to be enforced by the decree asked for had been orally agreed to by the defendant, and that such oral agreement, together with the memorandum above quoted, constituted a valid contract of sale, the performance of which could be enforced by the court, upon the theory that the plaintiff had partially performed the same by discontinuing the prior actions and canceling the lis pendens filed and recorded therein. The defendant denied the making of any such agreement relative to conveying such real estate upon such conditions, assuming plaintiff's debts, the creation of a trust, or the giving of a life use of such real estate to the plaintiff.

Assuming that the memorandum is an agreement on the part of Lida L. Reisterer to execute the deed to plaintiff left with Mr. Harrington, it is observed that such deed is to be delivered only when "lis pendens and civil actions are discontinued and agreement signed by both parties." It is not the discontinuance of the prior actions and the cancellation of the lis pendens that entitled plaintiff to the conveyance, but it is the signing by both parties of an agreement reduced to writing embodying the conditions that the plaintiff now claims the defendant orally agreed to, but which the defendant denies.

[2] It was for the very purpose of accurately and definitely settling the terms and conditions of sales of real estate that the statute of frauds was originally enacted. It is of the greatest importance that the terms and conditions upon which title was to vest in the plaintiff under defendant's deed left in escrow should be exactly defined and unquestionably known; and apparently the parties realized such importance when they stipulated that the deeds were to be delivered only when this agreement as to such conditions should be definitely and accurately fixed by a writing to be signed by both parties. It is thus seen that the memorandum above quoted is a direction to the custodian of the escrow that when the parties shall have completed this agreement relative to the conveyance of the lands described in

the escrow deeds, and shall have had their minds meet as to the terms of such conveyance, providing for the life estates, trusts, and debts, and that when the provisions as to such matters shall have been reduced to writing and signed by the parties, then the deeds are to be delivered, and not before. Such time has not yet arrived; the court would not be warranted in decreeing that the defendant Lida L. Reisterer must execute and deliver to plaintiff a conveyance embodying plaintiff's claims as to the terms and conditions, when the parties by their written agreement have provided that such conveyance shall not be made until the parties shall have agreed in writing as to these conditions. The court cannot make a new contract for these parties. They have stipulated that there should be no conveyance until they agree in writing what the terms of such conveyance should be; the court cannot say that there must be a conveyance in any particular form until the parties specify what that form is; the court cannot compel a specific performance of an agreement not made; the terms of the agreement specifying the conditions upon which the conveyance was to be made were to be reduced to writing and signed by both parties; those terms and conditions are unknown. The paper of October 13, 1911, was merely a direction to the custodian of the deeds providing for their delivery when the parties had agreed in writing as to the manner the title to be conveyed should be held. The parties have failed to make such agreement.

The fact that plaintiff joined in the execution of the mortgages to the loan association does not prejudice him; he executed the mortgages upon the execution by defendant of her last will and testament willing all her property to him.

[3] The discontinuance of the prior actions and the canceling of the lis pendens by the plaintiff is not such part performance on his part as to entitle him to specific performance. He has not been prejudiced by such discontinuance; the defendant's interest in the property has not changed. The plaintiff having parted with nothing by such discontinuance, his claim can be restored to him simply by vacating the order of discontinuance. He must be restored to the same situation as when he discontinued his prior actions; the orders discontinuing those actions and canceling the lis pendens must be set aside and the lis pendens restored to their former status.

The plaintiff is entitled to judgment vacating and setting aside the stipulations and orders of discontinuance and the order canceling the lis pendens and restoring such actions and the lis pendens therein to their former status; in all other particulars his complaint must be dismissed, but without costs. Let findings be prepared.